THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**NOTICE OF RELEVANT FACTS AND QUESTIONS FOR COUNSEL**

District Judge David Nuffer (sitting under designation from the Tenth Circuit Court of Appeals on Motions to Dismiss Indictment and Disqualify United States Attorney)

UNITED STATES OF AMERICA, Plaintiff,

v.

| | |
|---|---|
| RAFAEL RAMIREZ-MARTINEZ, Defendant. | Case No. 1:22-cr-01721-KWR |
| EDISON BRADY, Defendant. | Case No. 1:24-cr-01105-MLG |
| ALI ALHIGAIMI ESQUEDA, Defendant. | Case No. 1:25-cr-03250-JB |
| BRYSON CHEE, Defendant. | Case No. 1:25-cr-03353-JB |
| JOSHUA BLACK, Defendant. | Case No. 1:25-cr-03354-MLG |
| RYAN NOLAN KEE, Defendant. | Case No. 1:25-cr-03356-KG |
| JULIAN GUNTHER, Defendant. | Case No. 1:25-cr-03366-JB |
| JOSE MAGANA GARCIA, Defendant. | Case No. 1:25-cr-03549-JB |
| SEALED, Defendant | Case No. 1:25-cr-03837-MLG |
| LEON JEREMY POELLNITZ, Defendant. | Case No. 1:25-cr-03858-KG |
| JOHN C. DOMINGUEZ, Defendant. | Case No. 1:25-cr-03864-KG |
| RICHARD SEDILLO, Defendant. | Case No. 1:25-cr-03865-JB |
| MARTY LOPEZ, Defendant. | Case No. 1:25-cr-04139-DHU |
| MABELENE GREY, Defendant. | Case No. 1:25-cr-04141-KG |
| AZARIAH CLEVELAND, Defendant. | Case No. 1:25-cr-04145-DHU |
| DESIREE ARCHULETA, Defendant. | Case No. 1:25-cr-04412-DHU |
| KENDALL BENALLY, Defendant. | Case No. 1:25-cr-04413-KG |
| ERIC SHAUN MCAFEE, Defendant. | Case No. 1:25-cr-04418-MLG |
| JACOB EZEKIEL MARTINEZ, Defendant. | Case No. 2:25-cr-03253-SMD |

To expedite and focus the parties' oral arguments on Defendants' Motions to Dismiss Indictment and to Disqualify United States Attorney (collectively, "Motions"),[1] notice is given

---

[1] Defendant's Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 111 in *United States v. Ramirez-Martinez*, 1:22-cr-01721-KWR (D. N.M.), filed Sept. 17, 2025; Defendant's Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 100 in *United States v. Brady*, 1:24-cr-01105-MLG (D. N.M.), filed Sept. 16, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 21 in *United States v. Esqueda*, 1:25-cr-03250-JB (D. N.M.), filed Oct. 1, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 20 in *United State v. Chee*, 1:25-cr-03353-JB (D. N.M.), filed Sept. 30, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 20 in *United States v. Black*, 1:25-cr-03354-MLG (D. N.M.), filed Sept. 10, 2025; Motion to Dismiss Indictment and Disqualify United States

of this draft of the facts relevant to Defendants' Motions. The parties should raise and address any inaccuracies or objections to these draft relevant facts during oral argument on the Motions on November 14, 2025.

The parties are also given notice of some of the questions that may be discussed during the oral argument. Counsel should be prepared to discuss and answer these questions during oral argument on the Motions on November 14, 2025. Other questions may also be asked.

# 1   RELEVANT FACTS

The following is a timeline of facts relevant to Defendants' Motions:

| Nov. 2018 | Ryan Ellison begins working as an Assistant United States Attorney ("AUSA") for the District of New Mexico.[2] |
|---|---|

---

Attorney, ECF no. 19 in *United States v. Kee*, 1:25-cv-03356-KG (D. N.M.), filed Sept. 16, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, EFC no. 16 in *United States v. Gunther*, 1:25-cr-03366-JB (D. N.M.), filed Sept. 15, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 16 in *United States v. Garcia*, 1:25-cr-03549-JB (D. N.M.), filed Sept. 12, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 22 in *United States v. SEALED*, 1:25-cr-03837-MLG (D. N.M.), filed under seal Oct. 7, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 21 in *United States v. Poellnitz*, 1:25-cr-03858-KG (D. N.M.), filed Oct. 1, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 18 in *United States v. Dominguez*, 1:25-cr-03864-KG (D. N.M.), filed Oct. 14, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 19 in *United States v. Sedillo*, 1:25-cr-03865-JB (D. N.M.), filed Nov. 3, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 15 in *United States v. Lopez*, 1:25-cr-04139-DHU (D. N.M.), filed Oct. 30, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 20 in *United States v. Grey*, 1:25-cr-04141-KG (D. N.M.), filed Nov. 3, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 18 in *United States v. Cleveland*, 1:25-cr-04145-DHU (D. N.M.), filed Oct. 16, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 17 in *United States v. Archuleta*, 1:25-cr-04412-DHU (D. N.M.), filed Nov. 3, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 26 in *United States v. Benally*, 1:25-cr-04413-KG (D. N.M.), filed Nov. 4, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 17 in *United States v. McAfee*, 1:25-cr-04418-MLG (D. N.M.), filed Nov. 3, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 20 in *United States v. Martinez*, 2:25-cr-03253-SMD (D. N.M.), filed Sept. 10, 2025 (collectively, "Motions").

Because the Motions, subsequent briefing on the Motions, and exhibits in each case are substantively identical, this Notice will cite only to the Motion, subsequent briefing, and exhibits filed in *United States v. Garcia*, 1:25-cr-03549-JB (D. N.M.), from this point on. Supplemental briefs filed in individual cases, which address case-specific issues, will be cited to as necessary.

[2] Amended Response in Opposition to Defendant's Motion to Dismiss Indictment and Disqualify United States Attorney ("Responses") at 2-3, ECF no. 35 in *United States v. Garcia*, 1:25-cr-03549-JB (D. N.M.), filed Oct. 14, 2025.

| May 17, 2022 | Alexander M.M. Uballez, who had been nominated by President Joseph Biden, is confirmed by the United States Senate as the United States Attorney for the District of New Mexico.[3] |
|---|---|
| Oct. 25, 2022 | Defendant Ramirez-Martinez is indicted for Distribution of 50 Grams and More of Methamphetamine. The indictment is signed by an Assistant United States Attorney ("AUSA").[4] |
| Aug. 13, 2024 | Defendant Brady is indicted for Second Degree Murder. The indictment is signed by an AUSA.[5] |
| Feb. 17, 2025 | Mr. Uballez resigns as United States Attorney for the District of New Mexico, at the direction of President Trump (28 days after President Donald J. Trump's inauguration).[6] |
| | Upon Mr. Uballez's resignation, Holland S. Kastrin, the then First Assistant United States Attorney ("FAUSA") for the District of New Mexico, begins serving as Acting United States Attorney for the District of New Mexico under 5 U.S.C. § 3345(a)(1).[7] |
| Apr. 17, 2025 | Ryan Ellison becomes Interim United States Attorney for the District of New Mexico by designation and appointment from Attorney General Pamela Bondi under 28 U.S.C. § 546(a).[8] Mr. Ellison's term is limited to 120 days by 28 U.S.C. § 546(c)(2). Measured from April 17, 2025, Mr. Ellison's term would expire on August 15, 2025. |
| Apr. 19, 2025 | Kimberly Brawley is designated as the FAUSA for the District of New Mexico.[9] |
| Aug. 8, 2025 | Seven days before Mr. Ellison's 120-day term as Interim United States Attorney would expire, by letter to Mr. Ellison, the District Judges for the District of New Mexico write regarding their "decision on whether to proceed under 28 U.S.C. § 546(d), following the expiration of [Mr. Ellison's] term as Interim United States Attorney for the District of New Mexico under 28 U.S.C. § 546(c)(2)." The letter states: "After careful consideration and by general agreement the District Judges decline to exercise this Court's authority under § 546(d) [to appoint a United States Attorney], at this time."[10] |

---

[3] *Id*. at 2; Motions at 2.

[4] Indictment, ECF no. 2 in *United States v. Ramirez-Martinez*, 1:22-cr-01721-KWR (D. N.M.), filed Oct. 25, 2022.

[5] Indictment, ECF no. 12 in *United States v. Brady*, 1:24-cr-01105-MLG (D. N.M.), filed Aug. 13, 2024.

[6] Motions at 2; Responses at 2.

[7] Motions at 2; Responses at 2.

[8] Order, Attorney General Pamela Bondi, Apr. 27, 2025, Exhibit 1 to Responses, ECF no. 35-1 in *United States v. Garcia*, 1:25-cr-03549-JB (D. N.M.), filed Oct. 14, 2025.

[9] Notification of Personnel Action, Exhibit 4 to Responses at 1, ECF no. 35-4 in *United States v. Garcia*, 1:25-cr-03549-JB (D. N.M.), filed Sept. 17, 2025.

[10] Letter from District Judges, Aug. 8, 2025, Exhibit 3 to Motions at 32.

| | |
|---|---|
| Aug. 11, 2025 | Four days before Mr. Ellison's 120-day term as Interim United States Attorney would expire, a personnel action lowered Ms. Brawley's position from FAUSA to AUSA, effective August 13, 2025.[11] |
| Aug. 12, 2025 | Three days before Mr. Ellison's 120-day terms as Interim United States Attorney would expire, a personnel action changed Ms. Brawley's position from AUSA to Deputy United States Attorney, effective August 13, 2025.[12] |
| Aug. 13, 2025 | Two days before his 120-day term as Interim United States Attorney would expire, by letter addressed to Attorney General Bondi, Mr. Ellison writes: "I hereby resign my position as Interim United States Attorney for the District of New Mexico effective at 5:00 pm today, August 13, 2025." The letter then states: "I look forward to continuing to lead the United States Attorney's Office for the District of New Mexico."[13] |
| | At the time of Mr. Ellison's resignation as Interim United States Attorney, no individual held the position of FAUSA for the District of New Mexico.[14] |
| Aug. 14, 2025 | The day before Mr. Ellison's 120-day term as Interim United States Attorney would expire, Attorney General Bondi issues an order[15] that purports to do two things:<br>1. designates Mr. Ellison, "[b]y virtue of the authority vested in the Attorney General by law, including 28 U.S.C. § 509 and 510," as the First Assistant United States Attorney for the District of New Mexico "effective upon his resignation as United States Attorney for the District of New Mexico and when he returns to paid status as an Assistant United States Attorney;" and<br>2. orders that "[a]s First Assistant United States Attorney, Mr. Ellison will have authority to serve as Acting United States Attorney upon a vacancy in that office, subject to the conditions and time limitations of the Federal Vacancies Reform Act of 1998, 5 U.S.C. §§ 3345-3349d." |
| Aug. 15, 2025 | Mr. Ellison's 120-day term as Interim United States Attorney under 28 U.S.C. § 546(a) would have expired.[16] |
| Aug. 20, 2025 | Defendant Martinez is indicted for Bank Robbery. The Indictment is signed by an AUSA.[17] |

---

[11] Notification of Personnel Action, Exhibit 4 to Responses at 1.

[12] *Id.* at 2.

[13] Letter from Rayn Ellison, Aug. 13, 2025, Exhibit 2 to Responses, ECF no. 35-2 in *United States v. Garcia*, 1:25-cr-03549-JB (D. N.M.), filed Oct. 14, 2025.

[14] *Id.*; Notification of Personnel Action, Exhibit 4 to Responses at 1.

[15] Order, Attorney General Pamela Bondi, Designation of Ryan Ellison as First Assistant United States Attorney for the District of New Mexico, Exhibit 3 to Responses, ECF no. 26-3 in *United States v. Garcia*, 1:25-cr-03549-JB (D. N.M.), filed Oct. 14, 2025.

[16] Motions at 1; Responses at 2.

[17] Indictment, ECF no. 13 in *United States v. Martinez*, 2:25-cr-03253-SMD (D. N.M.), filed Aug. 20, 2025.

|  | Defendant Esqueda is indicted for Escape. The Indictment is signed by an AUSA.[18] |
|---|---|
| Aug. 26, 2025 | Defendant Gunther is indicted for Attempted Coercion and Enticement. The indictment is signed by an AUSA.[19] |
|  | Defendant Kee is indicted for Sexual Abuse and Assault of an Intimate Partner by Strangulation or Attempted Strangulation. The indictment is signed by an AUSA.[20] |
|  | Defendant Black is indicted for Assault with Intent to Commit Murder, Assault with a Dangerous Weapon, and Assault Resulting in Serious Bodily Injury. The Indictment is signed by an AUSA.[21] |
|  | Defendant Chee is indicted for Assault with a Dangerous Weapon and Using and Carrying a Firearm During and in Relation to a Crime of Violence and Possessing a Firearm in Furtherance of Such Crime: Discharging Said Firearm. The Indictment is signed by an AUSA.[22] |
| Sept. 9, 2025 | Defendant Garcia is indicted for Possession with Intent to Distribute 400 Grams and More of Fentanyl and Possession with Intent to Distribute 1 Kilogram and More of Heroin. The Indictment is signed by an AUSA.[23] |
| Sept. 15, 2025 | Marks 210 days after the vacancy created by Mr. Uballez's February 17, 2025, resignation as United States Attorney for the District of New Mexico.[24] This would have been the term limitation under 5 U.S.C. § 3346(a)(1) for an acting officer under 5 U.S.C. § 3345(a)(1) had Mr. Uballez's resignation not been within 60 days after President Trump's inauguration. |
| Sept. 23, 2025 | Defendant Poellnitz is indicted for Conspiracy and Possession with Intent to Distribute 500 Grams and More of a Mixture and Substance Containing Methamphetamine: Aiding and Abetting. The Indictment is signed by an AUSA.[25] |

---

[18] Indictment, ECF no. 5 in *United States v. Esqueda*, 1:25-cr-03250-JB (D. N.M.), filed Aug. 20, 2025.

[19] Indictment, ECF no. 2 in *United States v. Gunther*, 1:25-cr-03366-JB (D. N.M.), filed Aug. 26, 2025.

[20] Indictment, ECF no. 15 in *United States v. Kee*, 1:25-cv-03356-KG (D. N.M.), filed Aug. 26, 2025.

[21] Indictment, ECF no. 15 in *United States v. Black*, 1:25-cr-03354-MLG (D. N.M.), filed Aug. 26, 2025.

[22] Indictment, ECF no. 14 in *United State v. Chee*, 1:25-cr-03353-JB (D. N.M.), filed Aug. 26, 2025.

[23] Indictment, ECF no. 11 in *United States v. Garcia*, 1:25-cr-03549-JB (D. N.M.), filed Sept. 9, 2025.

[24] Motions at 2; Responses at 2.

[25] Indictment, ECF no. 16 in *United States v. Poellnitz*, 1:25-cr-03858-KG (D. N.M.), filed Sept. 23, 2025.

|  | An Information is filed charging Defendant SEALED with Assault with a Dangerous Weapon and Assault Resulting in Serious Bodily Injury under the Federal Juvenile Delinquency Act. The Information lists Mr. Ellison as the Acting United States Attorney and is signed by an AUSA.[26] A Certification under the Federal Juvenile Delinquency Act regarding Defendant SEALED is also filed. The Certification is signed by Mr. Ellison as "Acting United States Attorney for the District of New Mexico, after investigation of the matters described herein, and with the delegation of the Attorney General of the United States and pursuant to 18 U.S.C. § 5032."[27] |
|---|---|
|  | Defendant Dominguez is indicted for Felon in Possession of a Firearm and Ammunition. The Indictment is signed by an AUSA.[28] |
|  | Defendant Sedillo is indicated for Interference with Commerce by Robbery, Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence, and Possessing and Brandishing a Firearm in Furtherance of Such Crime, and Felon in Possession of a Firearm. The Indictment is signed by an AUSA.[29] |
| Oct. 7, 2025 | Defendant Cleveland is indicted for Assault with a Dangerous Weapon, Assault Resulting in Serious Bodily Injury: Aiding and Abetting, Using and Carrying a Firearm During and in Relation to a Crime of Violence, and Possessing a Firearm in Furtherance of Such Crime: Discharging Said Firearm. The Indictment is signed by an AUSA.[30] |
|  | Defendant Lopez is indicted for Possession with Intent to Distribute 40 Grams and More of Fentanyl. The Indictment is signed by an AUSA.[31] |
|  | Defendant Grey is indicted for Second Degree Murder and Using and Carrying a Firearm During and in Relation to a Crime of Violence, and Possessing a Firearm in Furtherance of Such Crime: Discharging Said Firearm. The Indictment is signed by an AUSA.[32] |
| Oct. 21, 2025 | Defendant McAfee is indicted for Distribution of 400 Grams and More of Fentanyl. The Indictment is signed by an AUSA.[33] |
|  | Defendant Archuleta is indicted for Carjacking: Aiding and Abetting. The Indictment is signed by an AUSA.[34] |

---

[26] Information, ECF no. 4 in *United States v. SEALED*, 1:25-cr-03837-MLG (D. N.M.), filed under seal Sept. 23, 2025.

[27] Certification, ECF no. 7 in *United States v. SEALED*, 1:25-cr-03837-MLG (D. N.M.), filed under seal Sept. 23, 2025.

[28] Indictment, ECF no. 14 in *United States v. Dominguez*, 1:25-cr-03864-KG (D. N.M.), filed Sept. 23, 2025.

[29] Indictment, ECF no. 2 in *United States v. Sedillo*, 1:25-cr-03865-JB (D. N.M.), filed Sept. 23, 2025.

[30] Indictment, ECF no. 13 in *United States v. Cleveland*, 1:25-cr-04145-DHU (D. N.M.), filed Oct. 7, 2025.

[31] Indictment, ECF no. 2 in *United States v. Lopez*, 1:25-cr-04139-DHU (D. N.M.), filed Oct. 7, 2025.

[32] Indictment, ECF no. 4 in *United States v. Grey*, 1:25-cr-04141-KG (D. N.M.), filed Oct. 7, 2025.

[33] Indictment, ECF no. 2 in *United States v. McAfee*, 1:25-cr-04418-MLG (D. N.M.), filed Oct. 21, 2025.

[34] Indictment, ECF no. 2 in *United States v. Archuleta*, 1:25-cr-04412-DHU (D. N.M.), filed Oct. 21, 2025.

6

|  | Defendant Benally is indicted for Assault on a Federal Officer and Assault with a Dangerous Weapon. The Indictment is signed by an AUSA.[35] |
|---|---|
| Oct. 24, 2025 | A Certification under the Federal Juvenile Delinquency Act regarding Defendant SEALED is filed. The Certification is signed by Hope S. Olds as "Acting Deputy Assistant Attorney General of the Criminal Division of the U.S. Department of Justice, after investigation of the matters described herein, and with the delegation of the Attorney General of the United States and pursuant to 18 U.S.C. § 5032."[36] |
| Dec. 14, 2025 | Marks 300 days after the vacancy created by Mr. Uballez's February 17, 2025, resignation as United States Attorney for the District of New Mexico.[37] This would have been term limitation under 5 U.S.C. § 3346(a)(1) and § 3349a(b) for Mr. Kastrin's term as Acting United States Attorney for the District of New Mexico under 5 U.S.C. 5 U.S.C. § 3345(a)(1) had Mr. Ellison not been appointed as Interim United States Attorney under § 546(a). |

## 2  POSSIBLE QUESTIONS FOR COUNSEL

The following are some of the questions that may be discussed during oral argument on November 14, 2025:

**Preliminary and Factual**

- Do the parties agree that I am validly presiding to hear and resolve these Motions?

- Does the caption of this Notice include all cases in the District of New Mexico with a pending Motion to Dismiss Indictment and Disqualify United States Attorney?

- Are the only cases involving indictments during the tenure of Mr. Uballez as United States Attorney: *United States v. Ramirez-Martinez*, 1:22-cr-01721-KWR (D. N.M.), and *United States v. Brady*, 1:24-cr-01105-MLG (D. N.M.)?

- Did Mr. Ellison sign the indictment in any of these above-captioned cases?

- What evidence is there regarding Mr. Ellison's involvement in case development, indictment presentation, or continued prosecution in any of the above-captioned cases?

---

[35] Indictment, ECF no. 22 in *United States v. Benally*, 1:25-cr-04413-KG (D. N.M.), filed Oct. 21, 2025.

[36] Certification, ECF no. 48 in *United States v. SEALED*, 1:25-cr-03837-MLG (D. N.M.), filed under seal Oct. 24, 2025

[37] Motions at 2; Responses at 2.

- Was there a First Assistant United States Attorney for the District of New Mexico in the time period between Mr. Ellison's August 13, 2025, resignation and Attorney General Bondi's August 14, 2025, order?

- Was Mr. Ellison validly appointed as the First Assistant United States Attorney for the District of New Mexico by Attorney General Bondi's August 14, 2025, order?

- What factual distinctions are in the New Jersey,[38] Nevada,[39] and California[40] cases that are material to the validity of the appointment of Mr. Ellison?

- Is it significant that the August 14, 2025, order from Attorney General Bondi regarding Mr. Ellison does not appoint Mr. Ellison to a Special Attorney Status, unlike the similar orders in the New Jersey, Nevada, and California cases?

- Is the lack of "appointment" and "delegation" language in Attorney General Bondi's August 14, 2025, order important?

- In 2025, has anyone been nominated to be United States Attorney for the District of New Mexico?

**28 U.S.C. § 546**

- Is there an applicable definition of "vacant" as the term is used in 28 U.S.C. § 546?

- When an appointment under 28 U.S.C. § 546(a) expires, is there any other option for appointment under § 546 other than the District Court appointment under § 546(d)?

- Should the administration be bound by the time limit under § 546(c)(2) if it appoints under 28 U.S.C. § 546(a)(1)?

- Is there any legislative history on the deletion of 28 U.S.C. § 546(e) from the 2007 legislation?

**The Office of United States Attorney**

- Statutorily, does a Presidentially Appointed and Senate-confirmed ("PAS") United States Attorney have any unique value?

- What duties, power, or authority are unique to the office of United States Attorney that are not also vested in and exercisable by an Assistant United States Attorney?

---

[38] *United States v. Giraud*, No. 1:24-CR-00768, 2025 WL 2416737 (D.N.J. Aug. 21, 2025).

[39] *United States v. Garcia*, No. 2:25-CR-00227-DGC-BNW, 2025 WL 2784640 (D. Nev. Sept. 30, 2025).

[40] *United States v. Ramirez*, No. 5:25-cr-00264-SSS, 2025 WL 3019248 (C.D. Cal. Oct. 28, 2025).

8

- What duties, power, or authority are unique to the office of United States Attorney that are not also vested in and exercisable by a First Assistant United States Attorney?

- Are any of the duties of the United States Attorney in 28 U.S.C. § 547 exclusive to that office?

- What duties are exclusive to the United States Attorney?

- Can anyone who has not been Senate-confirmed hold the title of United States Attorney and not be referred to as an Interim or Acting United States Attorney?

- Does the reporting requirement of 5 U.S.C. § 3349 for persons serving in an acting capacity bear on whether the office of United States Attorney is considered vacant when there is an Interim or Acting United States Attorney?

- Does any statute or regulation govern the position of First Assistant United States Attorney?

**Federal Vacancies Reform Act ("FVRA")**

- Is the "office" of United States Attorney vacant under 5 U.S.C. § 3345(a) when there is an Interim or Acting United States Attorney?

- Why does 5 U.S.C. § 3345(a) state "If an officer of an Executive agency . . . whose appointment to office *is required to be* made by the President" instead of "If an officer of an Executive agency . . . whose appointment to office *was* made by the President"?

- Was Mr. Ellison eligible for appointment under 5 U.S.C. § 3345(a)(3) by reason of his position (since November 2018) in the United States Attorney's office? If so, could Mr. Ellison still be appointed under § 3345(a)(3)?

- There are signs of Congress' tight control over the positions subject to 5 U.S.C. § 3345. Do you see any indication in the statutory scheme that indications Congress intended to allow at-will appointment of a United States Attorney by the Attorney General? And how does this square with 28 U.S.C. § 541(a) requiring presidential appointment and Senate confirmation of a United States Attorney?

**Interaction of Statutes**

- Is it Defendants' contention that a person who has served 120 days under 28 U.S.C. § 546(a) is ineligible for appointment under any other means including 5 U.S.C. § 3345? What case law or statutory language supports this position?

- Is a presidential appointment under 5 U.S.C. § 3345(a)(2) or (a)(3) still available when a § 546(a) appointment expires?

- Is there any case law directly holding:

    - a presidential 5 U.S.C. § 3345(a)(2) or (3) appointment may follow or interrupt an automatic First Assistant § 3345(a)(1) appointment?

    - a 5 U.S.C. § 3345 appointment may follow or interrupt a 28 U.S.C. § 546(a) appointment?

    - a 28 U.S.C. § 546(a) appointment may follow a 5 U.S.C. § 3345(a)(1) automatic appointment?

- In *Hooks v. Kitsap Tenant Support Servs., Inc.*,[41] the Ninth Circuit Court of Appeals states "neither the FVRA nor the NLRA is the exclusive means of appointing an Acting General Counsel of the NLRB. Thus, the President is permitted to *elect* between these two statutory alternatives to designate an Acting General Counsel."[42] Does the Attorney General's § 546(a) appointment necessarily *elect* the eventuality of a § 546(d) appointment? Is a presidential appointment under § 3345(a)(2) or (a)(3) still available when a § 546(a) appointment expires or is that option foreclosed?

- There are many statutes relevant to appointment as or temporary service in the position of United States Attorney.

    - 28 U.S.C. § 541 provides for presidential appointment and Senate confirmation of the United States Attorney for four years and for presidential removal of a United States Attorney.

    - Section 546 provides, if the office is vacant, for Attorney General appointment of a United States Attorney for up to 120 days.

    - Thereafter, that section provides for district court appointment of a United States Attorney with no term limitation.

    - 5 U.S.C. § 5 U.S.C. § 3345(a)(1) provides for automatic service by a First Assistant U.S. Attorney if the United States Attorney resigns, dies, or is unable to perform duties.

    - Sections 3345(a)(2) and (3) provide for presidential appointment of a very narrow class of individuals.

    - Service under 5 U.S.C. § 3345 is limited to 210 or 300 days.

In spite of these specific and limited congressional consents to service; the specific designations of appointing authorities in each statute; and the legislative history we read in the orders from other districts, the government argues the Attorney General

---

[41] 816 F.3d 550 (9th Cir. 2016).

[42] *Id*. at 556.

has a renewing right to perpetual appointments of United States Attorneys for temporary service. This right, the government says, is embedded somehow in all these statutes. Is there express statutory language, case law, or legislative history that supports the government's statement that Congress has consented to what has been done regarding Mr. Ellison in New Mexico?

### Inferior Officers

- The government argues that because a temporary United States Attorney is an inferior officer, "it was valid for Congress to authorize the Attorney General, as Head of the Department of Justice, to designate Mr. Ellison as First Assistant U.S. Attorney and thereby make him Acting U.S. Attorney by virtue of the FVRA."[43] Where did Congress authorize the Attorney General, to designate Mr. Ellison as FAUSA to be immediately or retroactively elevated to Acting United States Attorney?

### Delegation

- What does 5 U.S.C. § 3347(b) mean for these motions?

- Was delegation of powers to avoid a PAS appointment a specific target in the 1998 amendments to the FVRA?

- What would Congress have to do to make 5 U.S.C. § 3347(b) clear enough to stop the argument that delegation is not a viable substitute for the methods provided in 28 U.S.C. § 546 and 5 U.S.C. § 3345?

- What evidence is there of a delegation of the powers of a United States Attorney to Mr. Ellison? Is there something comparable to the July 24, 2025, appointment and authorization letter from Attorney General Bondi in the New Jersey case?[44]

### Statutory and Opinion Analysis

- How could Congress amend the relevant statutes to ensure the parties' respective positions are undeniably clear? In other words, what is missing from the statutes that would make the opposing party's respective positions untenable?

- What errors do you see in the published opinions from the New Jersey,[45] Nevada,[46] and California[47] cases?

---

[43] Responses at 19.

[44] Letter, July 24, 2025, ECF no. 108-6 in *United States v. Giraud*, 1:24-cr-00768 (D. N.J.), filed July 29, 2025.

[45] *United States v. Giraud*, No. 1:24-CR-00768, 2025 WL 2416737 (D.N.J. Aug. 21, 2025).

[46] *United States v. Garcia*, No. 2:25-CR-00227-DGC-BNW, 2025 WL 2784640 (D. Nev. Sept. 30, 2025).

[47] *United States v. Ramirez*, No. 5:25-cr-00264-SSS, 2025 WL 3019248 (C.D. Cal. Oct. 28, 2025).

- What difference is there in the parties' arguments in the New Jersey, Nevada, and California cases than in these Motions?

**Remedies**

- Does any Defendant challenge the validity or propriety of the grand jury proceedings that led to their Indictment?

- What due process violation do Defendants assert that would support dismissal of their Indictments? What legal authority supports this position?

- If Mr. Ellison was validly appointed as the FAUSA, what is the legal basis to disqualify him from participating in Defendants' cases in the role as FAUSA?

- What is the legal basis to disqualify other attorneys within the United States Attorney's office from participating in Defendants' cases?

- Under what legal authority could the District Judges for the District of New Mexico be compelled to fill a vacancy in the office of the United States Attorney?

Signed November 10, 2025.

BY THE COURT

_____
David Nuffer
United States District Judge
