# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      No. 25-CR-3354 MLG

JOSHUA BLACK

    Defendant.

**Response to Government's Supplemental Briefing**

    According to the government, it does not matter if Mr. Ellison is the First Assistant or Acting U.S. Attorney under the FVRA because "It is beyond dispute that Mr. Ellison is the person the Attorney General has chosen to conduct legal proceedings on behalf of the Department in the USAO-DNM in the absence of a Senate-confirmed U.S. Attorney." Gov. Sup. Brief, Doc 49, pg.6. Unfortunately for the government, 28 U.S.C. § 546 limits the Attorney General's choice to one term of 120-days – a term that expired 126 days ago. The administration has a clear path to fill the U.S. Attorney spot: Presidential appointment and Senate confirmation. The government's attempts to circumvent this process should be firmly rejected.

1

**The Attorney General's December 1, 2025, Order.**

In response to this litigation, the administration has attempted to legitimize Mr. Ellison's continued service as U.S. Attorney through more explicit delegation from the attorney general in an order dated December 1, 2025, titled "Authorizing Ryan Ellison to Perform the Functions of the United States Attorney for the District of New Mexico." Exhibit 1 to Gov. Sup. Brief, Doc.49. The order purports to authorize Mr. Ellison "to conduct in the District of New Mexico any kind of legal proceeding, civil or criminal, including grand jury proceedings and proceedings before United States Magistrates." *Id.* Unfortunately for the government, this does not cure the illegality of Mr. Ellison's continued service. This exact language appeared in a letter accompanying the Attorney General's order appointing Ms. Habba a special attorney and designating her as the First Assistant. The Third Circuit held, "This *de facto* U.S. Attorney-by-delegation theory is plainly prohibited by the FVRA's exclusivity provision." *United States v. Giraud,* No. 25-2635, 2025 WL 3439752, at *9 (3rd Cir. Dec. 1, 2025). Likewise, the Attorney General's new delegation of powers to Mr. Ellison cannot confer upon him all duties of the U.S. Attorney. "[T]he Government cannot sidestep the FVRA by using a 'statutory provision providing general authority to the head of an Executive agency ... to delegate duties'." *Id. citing* 5 U.S.C. § 3347(b).

If the Attorney General could rely on her general delegation power to confer the full panoply of a U.S. Attorney's powers to whomever she wants for as long as she wants, there would be no reason to ever abide by § 541's mandate that the President must appoint and the Senate must confirm a district's U.S. Attorney. "The President cannot shelter unconstitutional 'temporary' appointments for the duration of his presidency through a matryoshka doll of delegated authorities." *Bullock v. United States Bureau of Land Mgmt.*, 489 F. Supp. 3d 1112, 1126 (D. Mont. 2020). Thus, the full panoply of the powers of the U.S. Attorney cannot be delegated to one individual regardless of whether that person holds the title of First Assistant. *Giraud*, at *11.

The government tacitly admits Mr. Ellison is not – and cannot – be exercising the powers of the U.S. Attorney. It has added Todd Blanche, Deputy Attorney General, to the standard signature block.[1] Like the Attorney General's December 1 order, this does not ratify Mr. Ellison's actions. *See Giraud* at *10; 5 U.S.C. § 3348(b)(2)("only the head of such Executive agency may perform any function or duty of such office").

---

[1] It appears Mr. Blanche's name is also being added to district court pleadings in the Central District of California, Eastern District of Virginia, and Nevada. It seems unlikely Mr. Blanche is supervising all these cases.

**Mr. Ellison is not validly appointed First Assistant United States Attorney.**

The defendants agree with the government that 28 C.F.R § 0.137 most directly addresses the Attorney General's authority to appoint a United States Attorney. Doc 49, pg.2. They disagree that Mr. Ellison is validly serving as the First Assistant. Even so, assuming, arguendo, that Mr. Ellison is validly serving as First Assistant, he still is not validly serving as acting U.S. Attorney for the reasons outlined in defendants' briefing. *Mtn. Dismiss and Disqualify*, 6-10; *Reply in Support*,1-6.

The government repackages its argument that a post-vacancy First Assistant may become the Acting U.S. Attorney into an argument that the "FVRA places no constraints upon an agency's choice of first assistant, including as to the timing of that choice." Doc. 49, pg.4. But the FVRA does constrain the timing of naming the First Assistant. The function of the First Assistant is to be the understudy for the U.S. Attorney. Thus, the FVRA does not allow a post-vacancy First Assistant for purposes of its succession mandates.

The history of 28 C.F.R. § 0.137 bears this out. Originally, the regulation did not mention First Assistants. 28 C.F.R. § 0.132[2]. In 1999, Attorney General Reno amended the regulations, including creating subsection (b) concerning first assistants. The order explicitly explained,

---

[2] It was redesignated as § 0.137 in 2003. *See* Organization of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, 68 FR 4923-01

"The amendments are necessary in order to conform Department regulations with the requirements of the Federal Vacancies Reform Act of 1998 (FVRA)." Agency Organization: Vacancy, Disability, and Absence, 64 FR 6526-01. In other words, because the position of First Assistant was created in light of the FVRA, the FVRA limits when the first assistant can be named. A First Assistant cannot be named during an ongoing vacancy to circumvent the PAS process. *See Giraud*, *4 -8; *United States v. Ramirez*, No. 22-CR-573-FWS, 2025 WL 3019248 (C.D. Cal. Oct. 28, 2025); *United States v. Garcia*, No. 2:25-CR-00227-DGC-BNW, 2025 WL 2784640 (D. Nev. Sept. 30, 2025). As the government points out, the First Assistant U.S. Attorney has no fixed duties – other than to serve as Acting U.S. Attorney if that office becomes vacant. Doc. 49, pg.4. Unless and until there is a new Senate confirmed U.S. Attorney, the title of First Assistant means nothing in terms of the FVRA.

Nor can there be an assistant to an empty office. "[T]he essential meaning of the word 'assistant,' which under any plausible construction comprehends a role that is, in some manner and at some time, subordinate to the principal." *L.M.-M. v. Cuccinelli*, 442 F. Supp. 3d 1, 25 (D.D.C. 2020). Where there is no principal, there can be no assistant. *Id.*

The *L.M.-M.* Court ultimately concluded, "Cuccinelli does not qualify as a 'first assistant' because he was assigned the role of principal on day-one and, by design, he never has served and never will serve 'in a

subordinate capacity' to any other official." *Id*. at 26. So too here. Mr. Ellison cannot be the First Assistant because by design "he never has served and never will serve 'in a subordinate capacity' to any other official." *Id*.

## The Attorney General has no authority to make an order retroactive.

The government acknowledges it found no authority allowing the Attorney General to make an order retroactive. Doc. 49, pg.4. Although not binding, the Eastern District of Virginia District Court decided the Attorney General had no authority to "retroactively confer Special Attorney status." *United States v. Comey*, No. 1:25-CR-00272-MSN, 2025 WL 3266932, at *11 (E.D. Va. Nov. 24, 2025). Likewise, the Attorney General would not have authority to retroactively confer First Assistant status.

## Conclusion

The Attorney General can give Mr. Ellison the title of First Assistant. But it is an empty title until there is Senate confirmed U.S. Attorney. After his appointment under § 546 expired, Mr. Ellison could not be the Acting United States Attorney – not by FVRA, not by delegation. The indictments are void and should be dismissed with prejudice.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
111 Lomas Blvd., NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489
(505) 346-2494 Fax
Margaret_katze@fd.org


 /s/ *filed electronically on 12/18/25*
MARGARET A. KATZE, FPD
Attorney for Joshua Black