IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA, Plaintiff,

v.

| | |
|---|---|
| RAFAEL RAMIREZ-MARTINEZ, Defendant. | No. 1:22-cr-01721-KWR |
| EDISON BRADY, Defendant. | No. 1:24-cr-01105-MLG |
| ALI ALHIGAIMI ESQUEDA, Defendant. | No. 1:25-cr-03250-JB |
| BRYSON CHEE, Defendant. | No. 1:25-cr-03353-JB |
| JOSHUA BLACK, Defendant. | No. 1:25-cr-03354-MLG |
| RYAN NOLAN KEE, Defendant. | No. 1:25-cr-03356-KG |
| JULIAN GUNTHER, Defendant. | No. 1:25-cr-03366-JB |
| JOSE MAGANA GARCIA, Defendant. | No. 1:25-cr-03549-JB |
| SEALED, Defendant | No. 1:25-cr-03837-MLG |
| LEON JEREMY POELLNITZ, Defendant. | No. 1:25-cr-03858-KG |
| JOHN C. DOMINGUEZ, Defendant. | No. 1:25-cr-03864-KG |
| RICHARD SEDILLO, Defendant. | No. 1:25-cr-03865-JB |
| MARTY LOPEZ, Defendant. | No. 1:25-cr-04139-DHU |
| MABELENE GREY, Defendant. | No. 1:25-cr-04141-KG |
| AZARIAH CLEVELAND, Defendant. | No. 1:25-cr-04145-DHU |
| DESIREE ARCHULETA, Defendant. | No. 1:25-cr-04412-DHU |
| KENDALL BENALLY, Defendant. | No. 1:25-cr-04413-KG |
| ERIC SHAUN MCAFEE, Defendant. | No. 1:25-cr-04418-MLG |
| JACOB EZEKIEL MARTINEZ, Defendant. | No. 2:25-cr-03253-SMD |

**UNITED STATES' RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEF**

The United States respectfully responds to Defendants' December 5, 2025 Supplemental

Brief in Support of Motion to Dismiss Indictment and Disqualify United States Attorney. Doc. 49. [1]

The topic is whether there are "duties, authorities, or powers that a duly appointed United States

Attorney under 28 U.S.C. § 541 has that a First Assistant United States Attorney would not also

have[.]" Doc. 47 (order directing supplemental briefing). As explained below, with the possible

---

[1] The supplemental briefs filed in each case are identical. The docket numbers cited pertain to the third case listed in the caption above, *United States v. Esqueda*, 25-CR-3520 JB (D.N.M.). Defendants Rafael Ramirez-Martinez, Edison Brady, and Azariah Cleveland (none of whom are represented by the Federal Public Defender) did not file supplemental briefing on December 5, 2025. Nevertheless, in the interests of completeness, the United States files this response in each captioned matter.

exception of 26 U.S.C. § 6103(i)(1)(B), Defendants have identified no "duties, authorities, or powers" that cannot be delegated to a First Assistant. In every other situation put forward by Defendants, the Attorney General holds the power to delegate the functions of the U.S. Attorney—which are also *her* functions, *see* 28 U.S.C. § 509—to the First Assistant or any other attorney in the Department as she sees fit. Defendants' argument to the contrary understates the Attorney General's broad statutory delegatory authority and ignores the presumption of subdelegability.

## I.     Legal Background

The federal courts have long recognized the indispensable role of delegation (or subdelegation, as it is sometimes called) within executive agencies. Many agencies have statutes providing for various levels of assistants and deputies, *McCollum v. United States*, 17 Ct. Cl. 92, 101 (1881), each created to "relieve the over-burdened principal," *Parish v. United States*, 100 U.S. 500, 504 (1879). To hold that a subordinate's acts are without force absent express approval by the principal—that is, to deny the power to delegate—would be "a very singular doctrine, and subversive of the purposes for which" the "offices were created." *Id.* Accordingly, "[a]bsent some indication in an agency's enabling statute that subdelegation is forbidden, subdelegation to subordinate personnel within the agency is generally permitted." *Kobach v. U.S. Election Assistance Comm'n*, 772 F.3d 1183, 1190 (10th Cir. 2014) (citing *Fleming v. Mohawk Wrecking & Lumber Co.*, 331 U.S. 111 (1947)). In other words, subdelegability is "presumed." *Id.* at 1191.

Apart from this presumption, the Attorney General has been granted specific statutory authority to delegate "as [s]he considers appropriate" nearly all of her functions to "*any* other officer, employee, or agency of the Department of Justice," 28 U.S.C. § 510 (emphasis added). And her functions encompass, with exceptions not relevant here, "[a]ll functions of other officers of the Department of Justice and all functions of agencies and employees of the Department of Justice," 28 U.S.C. § 509. Notwithstanding Section 510, Congress may, of course, restrict the Attorney

General's authority to delegate, *United States v. Giordano*, 416 U.S. 505, 514 (1974), but an exception to her broad authority will not be found "unless a specific limitation on that delegation authority appears elsewhere in the statute." *Touby v. United States*, 500 U.S. 160, 169 (1991) (interpreting nearly identical language in 21 U.S.C. § 871(a)). A "specific limitation" of this sort may take the form of an explicit statutory restriction, *see, e.g.*, 18 U.S.C. § 245 (requiring a certification be made by named officials, "which function of certification may not be delegated"), or it may be inferred where a statute expressly provides for delegation to enumerated officials, *see Giordano*, 416 U.S. at 514, at least where that interpretation is supported by the statute's purpose and legislative history, *id.*

## II.    Argument

### A.    Defendants Have Identified Only One Function of a U.S. Attorney That Cannot Be Exercised by a First Assistant by Delegation.

With the possible exception of 26 U.S.C § 6103(i)(1)(B), which endows seven enumerated officials—including the United States Attorney, but not Assistant U.S. Attorneys—with the authority to seek the disclosure of tax returns for use in a criminal investigation, and thus arguably could be viewed as a "specific limitation" on subdelegation,[2] *see Touby*, 500 U.S. at 169, Defendants have identified no "duties, authorities, or powers" exercisable by "a duly appointed United States Attorney under 28 U.S.C. § 541" that a First Assistant could not exercise upon delegation.[3] The United States addresses in turn each other duty that Defendants suggest fits that description.

---

[2] The United States does not take a position on whether the authority under § 6103(i)(1)(B) can be delegated below the level of a U.S. Attorney but recognizes that it would be a risk to seek such disclosure solely on the authority of a First Assistant.

[3] As the United States set forth in its supplemental briefing of December 5, 2025, the position of First Assistant carries no specific duties other than to serve as an Acting U.S. Attorney under the FVRA when the PAS office is vacant and to assist the U.S. Attorney. Doc. 50 at 4-5. That assistance includes, when the office of the United States Attorney is vacant, the authority to carry out the functions of the United States Attorney.  But to avoid any dispute regarding the scope of Mr. Ellison's authority by virtue of his designation as first assistant, the Attorney General issued a new order on December 4 expressly assigning to Mr. Ellison "all the delegable, nonexclusive functions of

1.     **Juvenile Certifications Under 18 U.S.C. § 5032**

18 U.S.C. § 5032 provides that juveniles "shall not be proceeded against in any court of the United States unless the Attorney General, after investigation," makes certain certifications. A Department of Justice regulation, whose validity Defendants endorse, Doc. 49 at 5-6, grants "Assistant Attorney General in charge of the Criminal Division and his Deputy Assistant Attorneys General" the authority to exercise the Attorney General's certification power. The Assistant Attorney General in charge of the Criminal Division is then granted the authority to "redelegate any function delegated to him under this section to United States Attorneys and to the Chief of the Section within the Criminal Division which supervises the implementation of the Juvenile Justice and Delinquency Prevention Act (18 U.S.C. 5031 et seq.)." *Id.*

Citing this regulation, Defendants assert that the Attorney General may not delegate the juvenile certification authority to anyone below the level of a U.S. Attorney, though they offer no explanation for why this would be. Doc. 49 at 6. To be sure, to delegate this function to a First Assistant, the Attorney General would not rely on the *standing delegations* established by § 0.57—but § 0.57 does not purport to exercise the full extent of the Attorney General's delegation authority. And Defendants point to nothing in § 5032 that would overcome either the presumption of subdelegability or serve as a "specific limitation" of the Attorney General's broad powers of delegation under 28 U.S.C. § 510.

Instead, Defendants simply assert that courts have "uniformly" recognized that "even a validly serving First Assistant may not sign a certification under § 5032." Doc. 49 at 6. But none of the out-of-circuit cases they cite appear to involve an express delegation of this function to a First Assistant or other AUSA. *See id.*, citing *United States v. Male Juvenile*, 148 F.3d 468, 471 (5th Cir. 1998)

---

the United States Attorney for the District of New Mexico while the position of United States Attorney remains vacant." *See id.*, Ex. 1.

4

(stating that there was no evidence that the United States Attorney had delegated the certification function to the AUSA who signed it); *United States v. Doe*, 98 F.3d 459, 461 (9th Cir. 1996) (opinion discusses no evidence of delegation); *United States v. Doe*, 49 F.3d 859, 866 (2d Cir. 1995) (certificate signed by U.S. Attorney, no delegation challenge raised); *United States v. C.G.*, 736 F.2d 1474, 1477 (11th Cir. 1984) (same); *United States v. Parker*, 622 F.2d 298, 307 (8th Cir. 1980) (does not involve delegation below the level of the U.S. Attorney). Curiously absent, however, is any mention of the Tenth Circuit's own case upholding a chain of delegation of juvenile certification authority that began with the Attorney General and ended with a First Assistant. *United States v. Angelo D.*, 88 F.3d 856, 860 (10th Cir. 1996). Although the chain of delegation in that case relied on a regulation that is no longer in effect, the former 28 C.F.R. § 0.131, which expressly authorized U.S. Attorneys to redelegate any function, *id.*, the withdrawal of that regulation has no effect on the Attorney General's statutory authority to delegate her *own* functions to any officer or employee of the Department. *Angelo D.* unmistakably stands for the proposition that a First Assistant whose delegation of certification authority stems from the Attorney General may indeed sign a juvenile certification under § 5032.

### 2.      Requesting Immunity Under 18 U.S.C. § 6003

Section 6003 authorizes "[a] United States attorney" to request immunity for a witness from a district court upon the approval of a list of senior Department officials. Defendants do not explain why this language would mean that the Attorney General may not delegate the U.S. Attorney's authority under § 6003 (which is also *her* authority) to any other official, but to the extent they believe that the statute's listing of *only* the U.S. Attorney compels this conclusion, they are mistaken. As courts have recognized, there are serious "shortcomings" to applying "the *expressio unius* canon in the redelegation context, where the statute or regulation 'may mention a specific official only to make it clear that this official has a particular power rather than to exclude delegation to other

officials.'" *Stand Up for California! v. United States Dep't of the Interior*, 994 F.3d 616, 624 (D.C. Cir. 2021) (citing *United States v. Mango*, 199 F.3d 85, 90 (2d Cir. 1999)). This is the case with Section 6003.

Contrary to the Defendants' contention, *United States v. Serrano*, 406 F.3d 1208, 1217 (10th Cir. 2005), does not suggest that a U.S. Attorney's § 6003 power may not be delegated. *Serrano* held that a *court* may not grant immunity absent an application from the government. *Id.* Its statement that "the United States attorney and his superiors have the sole power to apply for immunity" was immediately followed with "*because Congress explicitly left federal courts out of the business* of weighing the comparative worth of granting use immunity to a defense witness." *Id.* (emphasis added). *Serrano* had nothing to do with delegation.

More to the point is *United States v. Smith*, 532 F.2d 158, 160 (10th Cir. 1976), where the Tenth Circuit concluded that there was "no merit whatsoever to the contention that 18 U.S.C. Section 6003 was not complied with" where a First Assistant rather than the U.S. Attorney signed the immunity application in the U.S. Attorney's absence. The chain of delegation in *Smith* (like *Angelo D.* in the § 5032 context) rested upon the former 28 C.F.R. § 0.131, but again, the withdrawal of that regulation simply removes a U.S. Attorney's broad, standing grant of authority to delegate any of his functions. It does not impair the presumption of subdelegability (from the U.S. Attorney to others) nor does it prevent the Attorney General from delegating a U.S. Attorney's authority to a First Assistant or other attorney in any particular case. *Smith* demonstrates that with the proper chain of delegation, a U.S. Attorney's § 6003 may be properly shared with a First Assistant. *See also In re Grand Jury Proc.*, 554 F.2d 712, 713 (5th Cir. 1977) (U.S. Attorney's written delegation to his First Assistant was "adequate to comply" with § 6003).

### 3.    Conducting Referred Bankruptcy Investigations Under 18 U.S.C. § 3057

Defendants next claim that 18 U.S.C. § 3057 bestows duties upon a U.S. Attorney that cannot be exercised by a First Assistant. Doc. 49 at 7-8. That statute directs that when a judge,

receiver, or trustee reports a suspected violation of the bankruptcy laws, "[t]he United States attorney thereupon shall inquire into the facts and report thereon to the judge," and, if appropriate, "present the matter to the grand jury," with a report to be made to the Attorney General if the U.S. Attorney determines that justice does "not require investigation or prosecution." Again without addressing the Attorney General's powers under § 510 or the presumption of subdelegability, Defendants assert that the "plain terms of the statute" preclude delegation. As with § 6003, an argument implicitly based on *expressio unius* is insufficient to contradict either source of delegation authority. Nor do Defendants offer any reason why Congress would want to require the U.S. Attorney *solely* and *personally* to investigate and prosecute referred bankruptcy crimes, as opposed to the way USAOs and investigative agencies operate with respect to every other variety of federal crime.

### 4.    Making Reports and Recommendations with Respect to Appeals (Justice Manual 2-2.111 and 2.2112)

Defendants, relying on a collection of internal agency procedures called the Justice Manual, assert that Mr. Ellison cannot, as First Assistant, make certain reports and recommendations to Department components regarding adverse decisions and appeals. Doc. 49 at 8-9. Defendants correctly recognize, however, that the Justice Manual "may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter, civil or criminal," *id.* at 9, and they identify no constraint on the Attorney General's authority to direct anyone in the Department to make a report or recommendation on any matter she desires. And as the Court suggested at the November 14 hearing, Hr'g Tr. at 56 ("But the Attorney General could ask anybody to make reports, right?), no such constraint exists. Indeed, the Attorney General is vested with express statutory authority to "direct" "assistant United States attorneys" "in the discharge of their respective duties." 28 U.S.C. § 519. Such authority includes directing the First Assistant U.S. Attorney to make reports and recommendations regarding the appeal of adverse decisions.

     **5.**    **Eligibility to Serve as a Member of the Attorney General's Advisory Committee of U.S. Attorneys Under 28 CFR § 0.10**

Defendants claim that under 28 C.F.R. § 0.10, only a U.S. Attorney may serve on the Attorney General's Advisory Committee (AGAC), a committee which "make[s] recommendations to the Attorney General, to the Deputy Attorney General and to the Associate Attorney General concerning any matters which the Committee believes to be in the best interests of justice." *Id.* To be sure, the regulation states that the AGAC "shall consist of an appropriate number of United States Attorneys," *see* § 0.10(a), but it goes on to provide that "[t]he Attorney General may designate additional personnel from United States Attorneys' Offices to serve as members of the Committee." Therefore, by the regulation's own terms, service on the AGAC is not limited to United States Attorneys.

    **B.**    **The FVRA Does Not Prevent the Attorney General from Delegating the Nonexclusive, Delegable Duties of the U.S. Attorney to a First Assistant.**

Defendants, citing *United States v. Giraud,* No. 25-2635, 2025 WL 3439752, at *9 (3d Cir. Dec. 1, 2025), contend that "the Attorney General cannot delegate the full panoply of a U.S. Attorney's responsibilities to a First Assistant." Doc. 49 at 2. The Third Circuit's decision in *Giraud*, however, is erroneous for the same reasons the *Giraud* district court's decision was mistaken. Those reasons are discussed in the United States' response to Defendants' motions. Doc. 31 at 14-17. Instead of *Giraud*, this Court should look to the delegation analysis in the *Ramirez* decision from the Central District of California. *United States v. Ramirez*, No. 22-CR-573-FWS, 2025 WL 3019248, at *18-20 (C.D. Cal. Oct. 28, 2025). There, Judge Seabright concluded that the First Assistant in that district could supervise prosecutions without violating the FVRA "because that statute [only] precludes him from serving as Acting United States Attorney." *Id.* at *18. "The FVRA says nothing about other

duly-authorized positions." *Id.* A First Assistant who acts pursuant to delegation does not

"'continu[e] to wield the U.S. Attorney's powers.'" *Id.*[4]

Although the United States disagrees with Defendants' interpretation of the various

provisions above (except, as noted, with respect to the tax-return provision), Defendants are right in

one sense: any limitations on the Attorney General's authority to delegate particular authorities to a

First Assistant or other attorney in the Department are found in the statutes establishing the

Department of Justice and in the statutes pertaining to the particular powers bestowed by the

substantive statutes, not in the FVRA. These statutes, not the FVRA, control whether the Attorney

General may initiate a chain of delegation that ultimately shares a function of the U.S. Attorney with

another official or employee. The FVRA simply commands that an agency may not use general

delegation authority to bestow an "acting" role.

Congress has established the office of U.S. Attorney, and Congress has seen fit to share

every power of that office with the Attorney General. 28 U.S.C. § 509. Congress has also seen fit to

empower the Attorney General to delegate her own duties. 28 U.S.C. § 510. Thus Congress has

opted to create a PAS office in the U.S. Attorney that embodies no powers that are both exclusive

and nondelegable. But the FVRA is a statute of general application, "addressing acting service across

a wide range of PAS offices throughout the Executive branch," and Congress has made a different

choice with respect to various other PAS offices covered by the FVRA. *See Ramirez,* 2025 WL

3019248 at *19 (explaining that many other PAS offices "may be governed by statutes or regulations

defining 'functions and duties' in more restrictive terms and limiting authority to delegate."). If

Congress wished to increase the incentives to fill the office of the U.S. Attorney through the Senate

confirmation process, it could structure the office differently. Doing so, of course, would impede

---

[4] Judge Seabright subsequently denied a motion to reconsider his ruling on Appointment Clause grounds. *United States v. Ramirez et al.*, No. 25-cr-264 (C.D. Cal. Dec. 12, 2025).

the important work of a U.S. Attorney's Office while the PAS office is vacant. The balance is one for Congress to strike, and the Court will find Congress's choice expressed in the statutes it has enacted. Those statutes, as discussed, do not prevent the Attorney General from authorizing a First Assistant such as Mr. Ellison to perform all the nonexclusive functions of the PAS role—not as an acting official, but by delegation. As *Ramirez* observed, that result "stems largely from the statutes and regulations that establish the structure of the Department of Justice and define the Attorney General's duties and powers." 2025 WL 3019248 at *19.

## CONCLUSION

For the reasons argued here and previously, the Court should deny the defendants' motions to dismiss their indictments and disqualify Mr. Ellison from supervising the prosecution of their cases.

We hereby certify that a copy of this motion was delivered via CM/ECF to counsel for the defendants.

Respectfully submitted,

**TODD BLANCHE**
Deputy Attorney General

**RYAN ELLISON**
Acting United States Attorney

*/s/*
**C. PAIGE MESSEC**
**KIMBERLY BRAWLEY**
Assistant U.S. Attorneys
201 Third St. NW, Suite 900
Albuquerque, NM 87102
(505) 224-7274
(505) 246-7296 fax